## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SARAH MCCLELLAN,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DAVE GOETZ as Commissioner of  )<br>Department of Finance and  )<br>Administration of the State of Tennessee, )<br>and TRUDY BERRY  )<br>)<br>Defendants.  ) | No. 3:10-cv-00623<br>Jury Demanded<br>Judge Nixon/Brown |

## CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **adopted**.

1. **Jurisdiction.** Jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331, 1343 and 1367, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq, as amended.

2. **Plaintiff's theory of the case.** Plaintiff contends that she was subjected to a racially hostile work environment and persistent acts of racism by her superiors in the course of her employment for the State. Plaintiff further contends that this racism was the result of the State's policies, customs and practices in this department. This abuse has caused mental and emotional harm to Plaintiff and damaged her career prospects with the State.

3. **Defendant's theory of the case.** Each of the Plaintiff's claims under Title VII should be dismissed. The individual liability claims against Defendant Berry should be dismissed because

individual defendants cannot be found personally liable under Title VII. The official capacity hostile work environment claim should be dismissed because the Plaintiff was not subjected to a workplace permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of the employment and create an abusive working environment. In addition, many of the Plaintiff's allegations are not accurate statements of events that transpired. The Plaintiff's claim of race discrimination should also be dismissed because she was not subjected to an adverse employment action and was not treated differently from similarly situated persons outside of the protected class. The Plaintiff's retaliation claim should be dismissed because the Plaintiff did not suffer an adverse employment action. While the Plaintiff was moved to another supervisor, that action was not adverse and would not dissuade a reasonable employee from making or supporting a charge of discrimination. Finally, the State exercised reasonable care to prevent and correct promptly any harassing behavior, and the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the State or to avoid harm otherwise.

4. **Identification of the issues.** No issues have yet been resolved in this dispute.

5. **Need for other claims or special issues under Rules.** None.

6. **Witnesses, if known, subject to supplementation for each party.**

At this time, Plaintiff intends to call herself and other co-workers. Upon the completion of discovery, Plaintiff will provide Defendant a more comprehensive list of persons she intends to call as witnesses.

~~At this time, Defendant intends to call~~ At this time, the Defendants intend to call the Plaintiff and Ms. Berry. Co-workers may also be called to testify. When appropriate, the Defendants will provide the Plaintiff a more comprehensive list of persons they intend to call as witnesses.

7.      **Initial Disclosures and Staging of Discovery.** Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will make their respective initial disclosures on or before October 1, 2010. The written discovery in the case shall be completed by December 31, 2010. All written discovery should be served so that responses are due before the discovery cutoff deadline. The number of interrogatories as to each party shall not exceed twenty (20), including subparts. All depositions of parties and fact witnesses, other than that of experts, shall be completed by April 30, 2011. By the close of business on April 1, 2011, the Plaintiff shall disclose to the Defendant (not to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Fed. R. Civ. P. By the close of business on May 1, 2011, the Defendant shall disclose to the Plaintiff (not to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Fed. R. Civ. P. The deadline for deposing Plaintiffs expert witnesses is June 1, 2011. The deadline for deposing Defendants' expert witnesses is July 1, 2011. All discovery motions shall be filed as soon as practical based upon the nature of the dispute, but no later than June 1, 2011, as to matters regarding the initial phase of discovery. All discovery motions must comply with the applicable requirements contained in Rule 37, Fed. R. Civ. P. and Rule 9(e) of the Local Rules of Court. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

8.  **Dispositive Motions.** All dispositive motions shall be limited to no more than twenty-five (25) pages and filed no later than August 15, 2011. The response to the dispositive motion shall be limited to no more than twenty-five (25) pages and shall be filed within twenty-eight (28) days of service of the motion. Replies, if any, shall be filed within fourteen (14) days of service of the response and limited to five (5) pages absent leave of Court.

9.  **Subsequent case management conferences.** A subsequent case management conference will be held on _Monday Jan 24_, 2011 at _9 30_ a.m. ~~p.m.~~. This case management conference will be conducted by telephone ~~and will be initiated by Defendants~~. Parties shall call 615-695-2851 to join.

10. **Alternate dispute resolution.** At this early stage of the litigation, the parties have not discussed settlement, but it remains an option to be explored. Should progress toward settlement not be made, the parties may raise the issue of a settlement conference with the Court.

11. **Target trial date.** The action shall be set for jury trial on _Feb 28_, ~~2011~~ 2012. It is anticipated the case will take approximately ~~one week~~ 3 days to complete. A pretrial conference shall be held on _Feb 17, 2012_, at _10:00_ a.m. ~~p.m. A proposed pretrial order shall be submitted at the pretrial conference.~~ Judge Nixon will issue a separate order with his requirements.

It is so **ORDERED**:

/s/ _[signature]_
United States Magistrate Judge